IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Moton, Jr., | C/A No.: 1:19-1377-MGL-SVH |
| Plaintiff, | |
| vs. | ORDER |
| Director Patricia Ray, in her individual and official capacity, | |
| Defendant. | |

Christopher Moton, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. All pretrial proceedings in this case have been referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). This matter comes before the court on the following motions filed by Plaintiff: (1) motion for an extension of time to complete discovery [ECF No. 28]; (2) motions to compel [ECF Nos. 29, 36]; and (3) motion for deposition by written questions [ECF No. 30].

I.  Motion for an extension of time to complete discovery [ECF No. 28]

Plaintiff's motion requests an extension to the August 12, 2019 discovery deadline. At the time the motion was filed, Defendant had not yet served responses to Plaintiff's initial discovery requests. Plaintiff argues in

the motion that he may need additional discovery upon receiving Defendant's responses. To the extent Plaintiff has filed motions regarding incomplete discovery responses or for specific discovery, the undersigned addresses those issues below. As Plaintiff has now received Defendant's discovery responses, all his outstanding discovery issues should be before the court. Therefore, no extension to the discovery deadline is necessary and Plaintiff's motion for an extension is denied.

II.     Motions to compel

Plaintiff's first motion to compel states that Defendant failed to timely respond to discovery requests. Defendant has since filed responses to the requests and it appears Plaintiff's July 26, 2019 motion to compel [ECF No. 29] is moot.

Plaintiff's August 14, 2019 motion to compel argues Defendant's responses were insufficient. Plaintiff argues that his complete records from the detention center are all relevant. Such a request is not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Defendant provided Plaintiff's grievance history for a three-month period relevant to the complaint and all incident reports related to the complaint, and Plaintiff has failed to specify any other limited category of documents needed. Plaintiff also argues he is entitled to the detention center's policies "pertaining to no movement and the treatment of inmates on no movement." [ECF No. 36 at 3].

Defendant's response indicates any written policies that exist have been produced. [ECF No. 39]. Because Defendant sufficiently responded to his discovery requests, Plaintiff's August 14, 2019 motion to compel is denied.

III. Motion for depositions by written questions [ECF No. 30]

In his motion for depositions by written questions, Plaintiff requests to depose three individuals pursuant to Fed. R. Civ. P. 31. He provides the topics for the depositions, but does not provide questions pursuant to the rule. Additionally, Plaintiff does not indicate that he has reserved a stenographer or arranged to have the costs of the depositions paid. There is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena such as witness fees. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also United States Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (holding that 28 U.S.C. § 1915(c) does not require government payment of witness fees and costs for indigent plaintiffs in § 1983 suits); *Johnson v. Hubbard*, 698 F.2d 286, 288–91 & nn. 2–5 (6th Cir. 1983) (lower courts have no duty to pay fees to secure depositions in civil, non-habeas corpus cases), *cert. denied*, 464 U.S. 917 (1983). Therefore, Plaintiff's motion for depositions by written questions is denied.

IT IS SO ORDERED.

September 16, 2019  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge